UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PATRICK SHIH MD<br><br>　　　　Petitioner,<br><br>VS.<br><br>AETNA LIFE INSURANCE COMPANY<br><br>　　　　Respondent. | §<br>§<br>§<br>§<br>§<br>§　Civil Action No. _____<br>§<br>§<br>§<br>§<br>§ |

## PATRICK SHIH MDPA'S PETITION TO CONFIRM ARBITRATION AWARD

Petitioner Patrick Shih MD ("Shih"), pursuant to Federal Arbitration Act 9 U.S.C § 9 (9 U.S.C. § 9 et seq., the "FAA"), petitions to this Court for an Order confirming the arbitration award rendered by Federal Hearings and Appeals Services Inc., pursuant to the Federal No Surprises Act ("NSA") Independent Dispute Resolution ("IDR"). In support thereof, Shih states as follows:

### PARTIES

1.　Petitioner Shih is a physician and board-certified specialist in neurosurgical procedural and treatment. Shih has his primary office at 12121 Richmond Avenue, Suite 107, Houston, Texas 77082.

2.　Respondent Aetna Life Insurance Company ("Aetna") is a Pennsylvania corporation doing business in Texas. Pursuant to 9 U.S.C § 9 and the Federal Rules of Civil

Procedure, Aetna may be served by serving its registered agent for service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas TX 75201-3136.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under the Federal No Surprises Act ("NSA") as prescribed by 42 U.S.C. § 300gg-112(b)(6), and under the 9 U.S. Code § 9 and 28 U.S. Code § 1367.

4. Venue is also proper as set forth by 28 U.S.C. § 1391 and 42 U.S.C. § 9613(b) due to the facts that Aetna transacts business in the Southern District of Texas, and substantial amounts of the underlying facts and circumstances, which give rise to this litigation, occurred in this District. It is also the district in which the awards were made as prescribed by 9 U.S. Code § 9.

## SUMMARY OF RELIEF SOUGHT

5. Pursuant to the FAA, Petitioner Shih seeks confirmation of the arbitration award rendered by Federal Hearings and Appeals Services Inc., pursuant to the IDR arbitration process[1] on July 12, 2024 and August 7, 2024, true and copies of which are attached and incorporated hereto by this reference as Exhibit A, against Respondent Aetna, and entry of a final judgment thereon.

---

[1] 42 USC §300gg-11 l(c)(2)(A)

## **STATEMENT OF RELEVANT FACTS**

6.  The NSA took effect on January 1, 2022. It is implemented and enforced by the combined efforts of the U.S. Departments of Labor, Health and Human Services, and the Treasury (the "Departments"), which together issued interim and then final rules to create an unprecedented, mandatory federal arbitration process to determine pricing for all out-of-network ("OON") emergency medical services to patients who are covered by commercial insurance.

7.  Under the NSA, a health plan has thirty (30) days from the date the bill is transmitted by the provider to pay or deny the claim. *See* 42 U.S.C. § 300gg-112(a)(3)(A-B). Insurers are allowed to initially pay to the OON provider whatever amount they choose (or nothing at all). If the payment is too low, the provider may initiate an "open negotiation period" to attempt to negotiate a higher amount. *Id.* § (b)(1)(A). If the negotiation fails, the provider may request the IDR process. *Id.* § (b)(1)(B).

8.  On June 30, 2024 and July 24, 2024, Shih filed a request for IDR arbitration pursuant to the NSA, with the Centers for Medicare and Medicaid Services (CMS), the administrator for the IDR binding arbitration process[2].

9.  Pursuant to the CMS rules, Federal Hearings and Appeals Services Inc. was appointed as an IDR certified entity ("Arbitrator").

10. The Arbitrator heard and adjudicated the matter on August 29, 2024 and September 3, 2024, issuing the determinations attached here to as Exhibit A. The IDR awards ("Awards") were in favor of Shih, against Aetna, in the total amount of $8,554.00. More

---

[2] 42 USC §300gg-11 l(c)(2)(A)

importantly, the IDR determinations expressly note that any amount due "must be paid not later than 30 calendars days after the day of this notification." *See* Exhibit A.

11. Under the NSA, the Arbitrator's decision is binding on the parties unless there has been a misrepresentation of fact to the Arbitrator or it meets the requirements to be vacated under the Federal Arbitration Act ("FAA"), 9 U.S. Code § 10(a). After an IDR determination, the health plan is required to pay any amount owed within thirty (30) days. *Id.* §(c)(6).

12. Through its counsel, Shih repeatedly requested that Aetna pay the Awards without need of resorting to a judicial action to confirm and enforce it. However, Aetna has failed and refused to pay the Awards.

13. Pursuant to Section 9 of the FAA, a party to an arbitration may commence a summary action in court for confirmation of the award, and "the court must grant such an order unless the award is vacated, modified, or corrected as [prescribed by the FAA]." 9 U.S. Code § 9 (emphasis added).[3]

14. The Awards are eligible for confirmation under the FAA, and accordingly Shih hereby seeks such relief to the full extent of such statutes. All conditions precedent to the relief requested by Shih herein have been satisfied or waived.

15. There are no applicable statutory grounds under the FAA or otherwise for vacating the Awards. The limited, exclusive statutory grounds for vacatur of an award are where:

    a. the award was procured by corruption, fraud, or undue means;

    b. there was evident partiality or corruption in the arbitrators, or either of them;

    c. the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon

---

[3] Moreover, pursuant to the NSA, determination of a certified IDR entity . . . shall be binding upon the parties involved, in the absence of a fraudulent claim or evidence of misrepresentation of facts presented to the IDR entity involved regarding such claim." 42 U.S.C. § 300gg-111(c)(5)(E).

    sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

    d. the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10; *see also Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008). No such grounds are available here.

16. Similarly, the exclusive grounds for modifying an arbitration award consist of the following:

    a. Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.

    b. Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted; or

    c. Where the award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C. § 11. No such grounds are available to Aetna.

17. Section 13 of the FAA requires that any party moving for an order confirming an arbitration to award to attach the following documents:

    a. The agreement; the selection or appointment, if any, of an additional arbitrator or umpire; and each written extension of the time, if any, within which to make the award.

    b. The award.

    c.    Each notice, affidavit, or other paper used upon an application to confirm, modify, or correct the award.

18. An agreement to arbitrate "need[s] not be express . . . it may be implied from the conduct of the parties." *Fortune, Alsweet & Eldridge, Inc. v. Daniel,* 724 F.2d 1355, 1356 (9th Cir. 1983); *see also Teamsters Local Union No. 764 v. J.H. Merritt and Co.,* 770 F.2d 40, 42 (3d Cir. 1985) (citing *Daniel*). AETNA responded to Shih's Open Negotiation Notice and pursued the IDR arbitration process by paying the arbitration fees, presenting evidence, and submitting offers pursuant to the NSA. Therefore, Aetna's conducts unequivocally demonstrate that Aetna impliedly agreed to the IDR arbitration. Accordingly, this Petition meets all those requirements for confirmation of the Awards.

19. The FAA further provides that "[a]ny application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided." 9 U.S.C. § 6. Shih requests such expedited treatment of this Petition.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Petitioner Patrick Shih MD respectfully requests judgment as follows:

1. Confirmation of the Awards as a judgment of this Court against Aetna in the amount of $8,554.00;
2. Costs and reasonable attorney fees incurred in this proceeding; and
3. Other and further relief to which it may be justly or equitably entitled.

–7–

DATED: October 29, 2024     Respectfully Submitted,

*/s/ Frank Pham*
Frank H. Pham
California State Bar No. 332644
Federal ID: 3668797
PHAM LAW PLLC
6901 Corporate Dr, Suite 232
Houston, TX 77036
Tel: (281) 215-5167
Fax: (832) 201-0631

**ATTORNEYS FOR PETITIONER**
**PATRICK SHIH  MD**